UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00032-GNS-HBB

JIMMY HUTCHINS                                                                                                     PLAINTIFF

v.

SEAN LAFERTE, in his individual capacity; and
TOD B. YOUNG, in his individual capacity                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 11) and Plaintiff's Motion to Hold Defendants' Motion to Dismiss in Abeyance (DN 12). The motions have been fully briefed by the parties and are ripe for adjudication. For the reasons outlined below, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Motion to Hold Defendants' Motion to Dismiss in Abeyance is **DENIED**.

### I.    SUMMARY OF FACTS AND CLAIMS

As alleged in the Complaint, on or about January 6, 2015, Plaintiff Jimmy Hutchins ("Hutchins") was visiting his son's apartment in Bowling Green, Kentucky. (Compl. ¶ 7, DN 1). While there, Plaintiff alleges that Defendant Tod B. Young ("Young"), Detective Sergeant of the Warren County Drug Task Force, and Defendant Sean Laferte ("Laferte"), Special Agent of the Federal Bureau of Investigation ("FBI"), arrived and seized a 2005 Cadillac Escalade from that location. (Compl. ¶¶ 8-13). Hutchins also alleges that Defendants subsequently took possession of a flatbed gooseneck trailer and 2005 Buick Lacrosse from other locations. (Compl. ¶¶ 16-17). All of these items were purportedly seized without Hutchins' consent and have not been returned. (Compl. ¶¶ 13, 15, 16-18). Hutchins asserts that he has not violated any law or been

charged with any crime, and he has not been able to challenge the seizure of his property. (Compl. ¶¶ 14, 19).

On March 6, 2015, Hutchins filed this action asserting claims under 42 U.S.C. §§ 1983, 1985, and 1988 based upon alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. (Compl. ¶¶ 26-29). On March 11, 2015, Hutchins' counsel attempted service upon Defendants by mailing the summonses and complaints by U.S. Mail, first class postage paid to Defendants at their work addresses.[1] (Return of Service 1-2, DN 8).

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

In support of their motion to dismiss, Defendants assert various bases pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(6). Each basis will be addressed below.

#### 1. *Rule 12(b)(4)*

Defendants assert that they were not properly served. (Defs.' Mem. in Supp. of Mot. to Dismiss 12-15, DN 11-1). "A court may not exercise personal jurisdiction over a defendant until that party has been properly served with process." *Humble v. Gill*, No. 1:08CV-166-M, 2009 WL 1126004, at *1 (W.D. Ky. Apr. 27, 2009) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). When a defendant challenges the sufficiency of process, the plaintiff bears the burden of proving proper service. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). In this case, both Defendants maintain that they were not properly served.

---

[1] There does not appear to be any dispute that Defendants' work addresses were used in lieu of their home addresses for of service of process due to privacy concerns at the request of an Assistant Commonwealth's Attorney. (Defs.' Reply to Mot. to Dismiss Ex. 2, DN 14-2; Notice of Service 1-2).

2

In relevant part, Rule 4 provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. Proc. 4(h). In addition, Rule 4(e) provides, in part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. Proc. 4(e). *See also Humble*, 2009 WL 1126004, at *1 (discussing the interplay between the federal and Kentucky civil procedure rules as to service of process).

### a. Service on Young

Hutchins attempted to serve Young via U.S. first class mail. (Return of Service 1). The Federal Rules of Civil Procedure do not expressly contemplate service by mail; rather, service via mail is permitted pursuant to the state court rules by virtue of Rule 4(e)(1). Under the Kentucky Rule of Civil Procedure ("CR") 4.01, the requirements for serving a defendant by mail are as follows:

> **(1)** Upon the filing of the complaint (or other initiating document) the clerk shall forthwith issue the required summons and, at the direction of the initiating party, either:

3

> **(a)** Place a copy of the summons and complaint (or other initiating document) to be served in an envelope, address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party, *affix adequate postage, and place the sealed envelope in the United States mail as registered mail or certified mail return receipt requested* with instructions to the delivering postal employee to deliver to the addressee only and show the address where delivered and the date of delivery. The clerk shall forthwith enter the facts of mailing on the docket and make a similar entry when the return receipt is received by him or her. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall enter that fact on the docket. The clerk shall file the return receipt or returned envelope in the record. Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place and manner of service. To the extent that the United States postal regulations permit authorized representatives of local, state, or federal governmental offices to accept and sign for "addressee only" mail, signature by such authorized representative shall constitute service on the officer. All postage shall be advanced by the initiating party and be recoverable as costs; or
>
> **(b)** Cause the summons and complaint (or other initiating document), with necessary copies, to be transferred for service to any person authorized, other than by paragraph (1) of this Rule, to deliver them, who shall serve the summons and accompanying documents, and his return endorsed thereon shall be proof of the time and manner of service.

CR 4.01(1) (emphasis added).

In this case, it appears that Hutchins attempted to serve Young in accordance with CR 4.01(1). In attempting to do so, however, Plaintiff did not mail the Complaint and summons to Young through the U.S. Postal Service by registered mail or by certified mail with return receipt requested; rather, Hutchins served Young by first class mail. Accordingly, because Plaintiff failed to properly serve Young, this Defendant is not properly before the Court, and the Court will grant the motion to dismiss pursuant to Rule 12(b)(4).

### b. Service on Laferte

Like Young, Hutchins attempted to serve Laferte via the U.S. Postal Service. (Return of Service 2). Unlike Young, however, Laferte is an employee of the U.S. government. In relevant part, Rule 4 provides:

4

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). Because Rule 4(f) addresses service upon persons in a foreign country and Rule 4(g) addresses services upon minors and incompetent persons, Hutchins would have had to proceed under Rule 4(e) and apparently attempted service under CR 4.01. As discussed above, however, CR 4.01 does not permit service merely by U.S first class mail, and Hutchins did not attempt to serve the United States via service pursuant to Rule 4(i).

Even if the Court were to accept Plaintiff's argument that Laferte was not acting "in connection with duties performed on the United States' behalf" at the time of the seizure, Hutchins had to serve Laferte in the same manner as Young. Thus, as discussed above, because Hutchins attempted to serve Laferte by U.S. first class mail, the service upon Laferte did not comply with either Rule 4 or CR 4.01.

For these reasons, Hutchins' attempted service on Laferte was defective.[2] The Court will grant the Rule 12(b)(4) motion on this basis.

### 2. *Rule 12(b)(1)*

Even if Defendants had been properly served, dismissal is also proper under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co., L.L.C. v. Republic of Leb.*, 501 F.3d 534, 537 (6th

---

[2] While Hutchins notes that Defendants did not dispute that they received notice of the litigation by receiving the mailed documents, that fact—even if true—did not excuse his duty to properly serve Defendants. (Pl.'s Reply to Mot. to Hold Mot. to Dismiss in Abeyance 12, DN 14). As the Sixth Circuit has held, "it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 320 (6th Cir. 1999) (citation omitted).

Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). It "may be raised at any stage in the proceedings . . . ." *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this case, Defendants attack the factual basis for jurisdiction and provide various exhibits in support of their motion.

### a. Standing

Defendants raise the issue of standing as a basis for dismissing Hutchins' claims. (Defs.' Mem. in Supp. of Mot. to Dismiss 11-12). "It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Under Article III of the U.S. Constitution, this Court may only exercise jurisdiction over "cases and controversies." *See id.* at 155 (citing *Valley Forge Christian Col. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-76 (1982)). Accordingly, a court must determine "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

To show standing, a plaintiff bears the burden of proving the following:

6

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (alterations in original) (internal citations omitted). *See also Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002) ("[T]he plaintiff, as the party invoking federal subject matter jurisdiction, has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit have been met." (citing *Lujan,* 504 U.S. at 561)). In this case, however, Hutchins cannot meet his burden for either the gooseneck trailer or the Buick Lacrosse.

Defendants have presented evidence that Hutchins was not the legal owner of or had any legal interest in those items of the allegedly seized property. In a sworn declaration, Supervisory Special Agent Joseph Swiatek of the FBI stated that the gooseneck trailer and the Buick Lacrosse were owned by Hutchins' son and daughter, respectively. (Swiatek Decl. ¶¶ 7-8, DN 11-3). In Hutchins' response, he has not contradicted Swiatek's declaration and has not provided any evidence to meet his burden to prove standing. *See Wittman v. Personhuballah*, 136 S. Ct. 1732, 1737 (2016) ("We have made clear that the 'party invoking federal jurisdiction bears the burden of establishing' that he has suffered an injury by submitting 'affidavit[s] or other evidence.'" (quoting *Lujan*, 504 U.S. at 561)). Because Hutchins has not shown that he has any cognizable legal interest in the gooseneck trailer and the Buick Lacrosse, he lacks standing to assert any claims relating to those items seized by Defendants. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998) ("With respect to Article III standing . . . , a claimant must have a colorable ownership, possessory or security interest in at least a portion of

the defendant property." (citations omitted)). The motion will be granted on due to Hutchins' lack of standing to assert any claim relating to the seizure of those items of personal property.

### b. Qualified Immunity

Defendants also seek dismissal of the Complaint based upon the doctrine of qualified immunity. (Defs.' Mem. in Supp. of Mot. to Dismiss 6-12). As the Sixth Circuit has explained:

> Section 1983 claims are limited by the qualified immunity exception, such that a government employee will be shielded from liability so long as the employee acted under the objectively reasonable belief that his or her actions were lawful. A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights, such that mere negligence or recklessness is insufficient.

*Ahlers v. Schebil*, 188 F.3d 365, 372-73 (6th Cir. 1999) (internal citations omitted). "The qualified immunity standard . . . provides ample support to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 479-80 (1991).

In determining whether qualified immunity applies, the Court must consider two factors: (i) whether "the facts alleged show the officer's conduct violated a constitutional right"; and (ii) "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Lyons v. City of Xenia*, 417 F.3d 565, 571 (6th Cir. 2005) (internal quotation marks omitted) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The plaintiff has the burden to 'show that the defendant is not entitled' to qualified immunity." *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005) (citation omitted).

In this case, Hutchins cannot prove that Defendants' conduct violated his constitutional rights as to the seizure of the Cadillac Escalade. It is well established that a person must have a legitimate expectation of privacy on the premises to give rise to a claim under the Fourth Amendment, and this is true whether the property is seized or searched. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (noting that the "capacity to claim the protection of the Fourth

Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." (citing *Katz v. United States*, 389 U.S. 347, 353 (1967))); *United States v. Haynes*, 301 F.3d 669, 678 (6th Cir. 2002) ("[T]here is no distinction, for constitutional purposes, between seizing a car and searching it." (citing *Chambers v. Maroney*, 399 U.S. 42, 51-52 (1970))). "When police have probable cause to believe that an automobile is forfeitable contraband, it may be seized from a public place without a warrant." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (citations omitted).

In the case *sub judice*, the Cadillac Escalade was seized from the parking lot of the apartment complex where Hutchins' son resided. (Compl. ¶¶ 7-13). Courts have held that a parking lot is a public place in which a person does not enjoy a reasonable expectation of privacy. *See United States v. Scott*, No. 10-00027-01-CR-W-ODS, 2011 WL 5387554, at *6 (W.D. Mo. Nov. 7, 2011) (noting that an apartment's parking lot constitutes a public place); *United States v. Diaz*, 25 F.3d 392, 396-97 (6th Cir. 1994) (holding that there was no reasonable expectation to privacy in a motel's parking lot to invalidate a warrantless search). Accordingly, there was no constitutional prohibition against Defendants entering the apartment parking lot to seize the Cadillac Escalade. *See Florida v. White*, 526 U.S. 559, 566 (1999) ("[B]ecause the police seized respondent's vehicle from a public area—respondent's employer's parking lot—the warrantless seizure also did not involve any invasion of respondent's privacy.").

The present case is analogous to the Supreme Court's decision in *Florida v. White*. In *White*, police officers observed a defendant using his vehicle to deliver cocaine on three separate occasions. *See White*, 526 U.S. at 561. When the defendant was arrested several months later on unrelated charges, the police officers seized the defendant's vehicle from the parking lot at the

defendant's workplace without a search warrant pursuant to Florida law on the basis that the prior surveillance provided probable cause for its seizure. *See id.* at 561-62. The Supreme Court reasoned that the Fourth Amendment was not implicated because a vehicle is "readily movable contraband [that] [can] [be] spirited away . . . ." *Id.* at 565. The Court also noted that its cases analyzing these issues under the Fourth Amendment have consistently granted "law enforcement officials greater latitude in exercising their duties in public places." *See id.*

Under Kentucky law, law enforcement may seize personal property if it has probable cause to believe it is subject to forfeiture. In relevant part, KRS 218A.415 provides:

> Personal property subject to forfeiture under this chapter may be seized by any law enforcement agency upon process issued by any judge that is empowered to issue a warrant of arrest or search warrant and in whose jurisdiction the property is located. Seizure of personal property without process may be made if:
> . . .
> (d)    The law enforcement agency has probable cause to believe that the property is subject to forfeiture pursuant to this chapter.

KRS 218A.415(1). *See also United States v. Kenney*, No. 5:09-CR-46-S-KSF, 2010 WL 750359, at *9-10 (E.D. Ky. Mar. 3, 2010) (relying on *White* and upholding a warrantless seizure of a vehicle for forfeiture under Kentucky law when the vehicle was used in narcotics trafficking); *United States v. Davis*, 635 F. Supp. 2d 752, 759 (E.D. Tenn. 2009) (concluding that "[t]he vehicle itself, no less than the gun used by the defendant, was an instrumentality of the shooting; it was contraband itself, and . . . it could be seized without a warrant." (citation omitted).

In this case, Defendants seized the Cadillac Escalade on the basis that it was forfeitable contraband under Kentucky law as an instrumentality of Plaintiff's son's narcotics trafficking. (Hightower Decl. ¶¶ 4-6, DN 11-4). After the seizure, the vehicle was placed in the custody of

the Commonwealth of Kentucky.³ (Hightower Decl. ¶ 7). Accordingly, the seizure of the Cadillac Escalade did not violate the Fourth Amendment. Therefore, Plaintiff has failed to meet his burden to prove that his claims against Defendants are not barred by qualified immunity. Plaintiff's claims will be dismissed on this basis.

### B. Plaintiff's Motion to Hold Motion to Dismiss in Abeyance

In his motion, Plaintiff seeks to delay this Court's ruling on Defendants' motion. Because Plaintiff has the opportunity to challenge the forfeiture of the Cadillac Escalade in state court and has otherwise failed to provide a compelling basis for the Court to delay its ruling on the dispositive motion, the Court will deny Plaintiff's motion.

### III. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 11) is **GRANTED**, and Plaintiff's Motion to Hold Defendants' Motion to Dismiss in Abeyance (DN 12) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 25, 2016

cc: counsel of record

---

³ KRS 218A.415 also provides, in relevant part, that "[p]roperty taken or detained under this section shall not be subject to replevin, but shall be deemed to be in the custody of the law enforcement agency subject only to the orders and decrees of the court having jurisdiction over the forfeiture proceedings." KRS 218A.415(2). There does not appear to be any dispute that Hutchins will have the opportunity post-seizure to challenge the forfeiture of the Cadillac Escalade in state court.